### UNITED STATES *v.* DUBIED MACHINERY Co. (No. 886).[1]

LEATHER CUT INTO FORMS.

The merchandise consisted of strips or bands of chrome leather beveled on the edges and cut into suitable lengths for the manufacture of automobile treads. To adapt these to their special use further labor upon them was necessary. The goods are band or belting leather. They were dutiable as determined by the board under paragraph 451, tariff act of 1909, and were likewise subject to the additional duty imposed by the proviso of that paragraph.—United States *v.* Richards (1 Ct. Cust. Appls., 537; T. D. 31548).

United States Court of Customs Appeals, December 16, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7333 (T. D. 32296).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Charles D. Lawrence,* special attorney, on the brief), for the United States.

*Walden & Webster* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Leather strips from 32 to 48 inches long, with both sides beveled, were classified by the collector of customs at the port of New York as manufactures of leather, dutiable at 40 per cent ad valorem under the provisions of paragraph 452 of the tariff act of 1909, which paragraph in part reads as follows:

452. Bags, baskets, * * * made wholly of or in chief value of leather, * * * and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem; * * *.

The importer protested that the merchandise was dutiable either at 5 per cent ad valorem or 15 per cent ad valorem under the provisions of paragraph 451, or that it was dutiable at those rates, plus 10 per cent ad valorem, as prescribed in the proviso to said paragraph. The importer further claimed that the merchandise was dutiable in the alternative under various other paragraphs, the consideration of which is unnecessary in view of the decision finally

---

[1] Reported in T. D. 33033 (23 Treas. Dec., 584).

reached in the case.  The parts of paragraph 451 pertinent to the issue are as follows:

451. Band, bend, or belting leather, rough leather, and sole leather, five per centum ad valorem; dressed upper and all other leather,  *  *  *  not specially provided for in this section, fifteen per centum ad valorem;  *  *  *: *Provided,* That leather cut into shoe uppers or vamps or other forms, suitable for conversion into manufactured articles,  *  *  *  shall pay a duty of ten per centum ad valorem in addition to the duty imposed by this paragraph on leather of the same character as that from which they are cut.

The Board of General Appraisers found that the merchandise in question was chrome-tanned cowhide leather, cut into forms suitable for conversion into manufactured articles and therefore dutiable at 5 per cent ad valorem plus 10 per cent ad valorem, under the provisions of paragraph 451.

From this decision of the board the Government appealed and now maintains that the collector's classification of the goods as a manufacture of leather was correct and should be sustained.

It appears from the evidence submitted to the board that the merchandise imported consists of bands of chrome leather, beveled on the edges and cut into suitable lengths for the manufacture of automobile treads.  The beveling of the edges of the leather and the form and size to which it is cut commits it to the particular definite use of making automobile treads, and apparently the leather so cut, shaped, and formed is used for no other purpose.  The leather strips or bands, however, are not complete automobile treads, but forms cut from leather designed to be used as a material in the manufacture of the finished article.  To adapt these forms to their special use further labor must be expended on them, and, as appears from the evidence, they must be fitted with studs to prevent slipping.  Apparently these studs are such a necessary part of the merchandise when put to its use as a material that without them the forms could not be regarded as fully prepared to accomplish the purpose they are intended to achieve as component parts of the completed treads. The goods, therefore, can not be considered as finished articles ready for use, and consequently can not be properly classified as manufactures of leather.

In accordance with the conclusions reached in United States *v.* Richards (1 Ct. Cust. Appls. 537; T. D. 31548), we must hold that the chrome-tanned cowhide from which the importation was cut is band or belting leather, dutiable at 5 per cent ad valorem.  As the leather was cut into forms suitable for conversion into automobile treads, and not advanced to the stage of a completed article ready for use, it was subject to the additional duty of 10 per cent ad valorem imposed by the proviso to paragraph 451.  The decision of the Board of General Appraisers is therefore *affirmed.*